IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

LUIS A. VÉLEZ-LÓPEZ,

Defendant

CRIMINAL 06-0032 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Luis A. Vélez-López filed a motion on June 21, 2006 (Docket No. 41) arguing that his indictment should be dismissed because his rights under the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment have been violated. The government responded to said motion on June 28, 2006.  (Docket No. 47.)

I.  SPEEDY TRIAL ACT

"The Speedy Trial Act [(hereinafter "the Act")] . . . is designed to protect a defendant's constitutional right to a speedy . . . trial, and to serve the public interest in bringing prompt criminal proceedings." United States v. Scantleberry-Frank, 158 F.3d 612, 614 (1st Cir. 1998) (citing United States v. Santiago-Becerril, 130 F.3d 11, 15 (1st Cir. 1997)).  The Act provides that the government must bring a criminal defendant to trial no more than seventy (70) days after the later of the filing date of the information or indictment, or the date on which the criminal defendant first appears before a judicial officer of a court in which the charge is pending.  See 18

CRIMINAL 06-0032 (JAG)                    2

U.S.C. § 3161(c)(1); see also United States v. Muñoz-Amado, 182 F.3d 57, 60 (1st Cir. 1999).  However, we do not always count each day between the indictment or appearance and the trial.  The Act "enumerates various circumstances that can suspend the running of time." United States v. Rodríguez, 63 F.3d 1159, 1162 (1st Cir. 1995); see 18 U.S.C. § 3161(h)(1)-(9).  "If a criminal indictment is not brought to trial within the time limit period imposed by section 3161(c)(1), as extended by operation of section 3161(h)(1)-(9), the penalty provisions of the [Act] mandate that 'the information or indictment shall be dismissed on motion of the defendant.'" United States v. Muñoz-Amado, 182 F.3d at 62 (quoting 18 U.S.C. § 3162(a)(2)).

The traditional manner of directing oneself to the speedy trial issue is whether the total amount of non-excludable time between defendant Vélez-López' first judicial appearance on February 1, 2006, and the date of the filing of the present motion under the Act, June 21, 2006, exceeds the statutory limit of 70 days.

In order to determine whether a violation of the Act has occurred, a court must follow a two-step approach.  First, the court must do the basic mathematics and determine the aggregate time elapsed awaiting trial.  Second, it must determine how many days should be excluded from that ultimate sum.  See United States v. Barnes, 159 F.3d 4, 10 (1st Cir. 1998) (citing United States v. Staula, 80 F.3d 596, 600 (1st Cir. 1996)).

CRIMINAL 06-0032 (JAG)                 3

## II. DISCUSSION

In the instant case, the defendant was indicted on January 26, 2006. However, he first appeared before a judicial officer on February 1, 2006. Both the government and the defendant (the defendant in theory) agree that for purposes of the Act, the federal speedy trial clock began to tick on February 1, 2006. See 18 U.S.C. § 3161(c)(1). Regardless of the theoretical and novel argument of the defense, February 1, 2006 "is itself excludable because [the defendant] appeared before the district court on that day." United States v. Santiago-Becerril, 130 F.3d at 16; see 18 U.S.C. § 3161(h)(1) ("proceeding concerning the defendant"). From February 1, 2006, up to and including June 21, 2006 (the date that the present motion was filed), a total of 140 days have passed. The inquiry then is how much of this 140 pre-trial period is excludable under the Speedy Trial Act. Aside from some days which are excludable individually, excludable time began on March 24, 2006 due to certain announcements of the defendant in relation to inspection of physical evidence and a promised suppression motion. The speedy trial clock has stopped ticking since then because of pending motions which create excludable time. See 18 U.S.C. § 3161(h)(1)(F).

Under the Act, "when 'motions that require no hearing' are [pending], time is tolled only until the 'prompt disposition' of the motion, which ordinarily cannot exceed the 30-day 'under advisement' period." United States v. Barnes, 159 F.3d at 11 (quoting Henderson v. United States, 476 U.S. 321, 329 (1986)). "A motion is

CRIMINAL 06-0032 (JAG)                4

deemed to be taken under advisement when 'the court receives all the papers it reasonably expects . . . .'" United States v. Rodríguez, 63 F.3d at 1163 (quoting Henderson v. United States, 476 U.S. at 329). Therefore, there is no violation of the Act. However that does not address the Sixth Amendment issue and the request to dismiss due to pre-indictment delay and constitutional violation of the right to speedy trial. Rather this discussion covers the statutory violation.

### III. PRE-ACCUSATION DELAY

When faced with an allegation of prejudicial pre-indictment delay, the starting point for considering the remedy which the defendant seeks, if any, is the applicable statute of limitations, "the primary guarantee against bringing overly stale criminal charges." United States v. Marion, 404 U.S. 307, 322 (1971) (quoting United States v. Ewell, 383 U.S. 166, 122 (1966)); see United States v. Gouveia, 467 U.S. 180, 192 (1984); United States v. Lovasco, 431 U.S. 783, 789 (1977). Notwithstanding this primary guarantee, "the Fifth Amendment requires the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense." United States v. Gouveia, 467 U.S. at 192; United States v. Lovasco, 431 U.S. at 789-90; United States v. Marion, 404 U.S. at 324. The inordinate passage of time, loss of possible trial witnesses, and loss of physical evidence will not automatically result in a dismissal due to pre-indictment delay. See United States

CRIMINAL 06-0032 (JAG)                5

v. Stokes, 124 F.3d 39, 47 (1st Cir. 1997). "Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself . . . . Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case." United States v. Marion, 404 U.S. at 321-22 (footnote omitted); see United States v. Gouveia, 467 U.S. at 191. On the other hand, in relation to the defendant's objection to the lengthy pre-accusation delay, there is no constitutional right to be arrested. Sweat v. Arkansas, 469 U.S. 1172, 1179 (1985); United States v. Marion, 404 U.S. at 325 n.8; Hoffa v. United States, 385 U.S. 293, 310 (1966); United States v. Nashawaty, 571 F.2d 71, 75 (1st Cir. 1978); Schlinsky v. United States, 379 F.2d 735, 737 (1st Cir. 1967). Perhaps the defendant argues that the federal government should have arrested him at some point during the sixth months his commonwealth case languished in the local judicial system. Perhaps the first month, or the second, would have been a good month to arrest the defendant.

Faced with this body of law, and with controlling case law submitted by the government, such as United States v. Marler, 756 F.2d 206, 211 (1st Cir. 1985), the defense presents an ethereal conspiracy theory where the United States government waits in the rafters while the drab commonwealth criminal performance plays on unimpeded. Notwithstanding an eloquent and therein appropriate quote in Zedner v. United States, 126 S. Ct. 1976 (2006), while the defendant states that he has not been brought to trial within the time limitations of the Act, the clock does not

CRIMINAL 06-0032 (JAG)                    6

straddle sovereignties. If double jeopardy does not apply between sovereigns, such as Puerto Rico and the United States, neither does one speedy trial clock. To accept the defendant's argument would be to victimize the United States law enforcement function by deferring to the dismissal of the local charges due to the passage of time, a much too common occurrence in this court's experience. A judge of this court recently quoted Francois De La Rochefoucald, using words that are appropriate here. "There is nothing more horrible than the murder of a beautiful theory by a brutal gang of facts."

The argument lacks merit.

In view of the above, I recommend that the motion to dismiss be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v.

CRIMINAL 06-0032 (JAG)                    7

Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 30th day of June, 2006.

                                    S/ JUSTO ARENAS
                          Chief United States Magistrate Judge